# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA

GARY HALLFORD,                )
                              )
        Plaintiff,         )    Case No.  2:07-cv-01068-PMP-GWF
                              )
vs.                           )    **ORDER**
                              )
MENDEZ, *et al.*,             )
                              )
        Defendants.        )
                              )

        On April 13, 2007, Plaintiff Gary Hallford filed a Complaint for civil damages in the Superior Court of California, County of Solano, entitled *Gary Hallford v. Correctional Officer Mendez*, FCM097236. (*See* Exhibit B to Dkt. #2). Defendants responded by filing a Notice of Removal of Action Under 28 U.S.C. § 1441(b), arguing that the matter should be removed to federal court because Plaintiff's Complaint includes allegations that Defendants violated state criminal law and his federal civil rights. (Dkt. #2). Defendants argue that Plaintiff is actually asserting a 42 U.S.C. § 1983 claim for the violation of his civil rights and that this Court has subject matter jurisdiction over Plaintiff's claims as the complaint raises a federal question under 28 U.S.C. § 1331.

        On March 28, 2009, Plaintiff filed a motion to remand this action to state court, arguing that his complaint contained criminal charges under the California Penal Code, in addition to allegations of civil rights violations. (Dkt. #17). The Court denied Plaintiff's motion to remand on September 9, 2009. (Dkt. #18). Plaintiff promptly appealed the decision to the Ninth Circuit Court of Appeals. (Dkt. # 20). On October 22, 2009, the Ninth Circuit dismissed Plaintiff's interlocutory appeal due to lack of jurisdiction. (*See* Dkt. #22). The Court will now proceed with the screening of Plaintiff's Complaint as required by 28 U.S.C. § 1915A(a) and dismiss the Complaint with leave to amend some claims.

Plaintiff's Complaint seeks monetary damages and injunctive relief for Defendants' alleged violations of his civil rights and alleged violations California Penal Code. (*Id.*) Plaintiff alleges that Defendants committed a hate-crime in violation of California Penal Code § 422.55; falsified records in violation of California Penal Code § 141 in an attempt to have Plaintiff charged with a crime; and assaulted Plaintiff in violation of California Penal Codes § 240 and 242. (*Id.*) However, Plaintiff's Complaint provides few factual details about the events that form the basis of his Complaint. Instead, the Complaint lists legal allegations of civil rights violations or criminal conduct against each Defendants without describing the underlying events.

As a result, the Court will dismiss Plaintiff's Complaint with leave to amend to provide facts sufficient for the Court to consider Plaintiff's civil rights claims. The Court will screen the sparse allegations contained in the present Complaint to provide some guidance in this regard.

**A.     Screening Standard Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2).

In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Fed.R.Civ.P. 12(b)(6) and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed.R.Civ.P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support

of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 553-57 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*; *see Papasan v. Allain,* 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**B.   Screening**

Analyzing the sparse details provided in the Complaint, Plaintiff appears to be raising a claim under 42 U.S.C. § 1983. Plaintiff alleges that unknown actions were taken against Plaintiff that violated his right to Freedom of Religion under the First Amendment. (*See* Exhibit B to Dkt. #2 at 1-2). In addition, Plaintiff alleges that several Defendants assaulted him in some manner that violated his Eighth Amendment protection against cruel and unusual punishment. (*Id.*) The Complaint also alleges that undefined rights were violated by Defendants' violations of the California Penal Code. (*Id.*)

To have a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). In this

instance, Plaintiff alleges that staff members of Folsom prison, acting under state law, deprived him of his civil rights under the First and Eighth Amendments. However, Plaintiff's Complaint fails to sufficiently state allegations detailing what events, actions or inactions by Defendants violated his civil rights.

In addition, Plaintiff alleges that Defendants, through undescribed actions, violated unspecified rights by committing alleged criminal acts. (*See* Exhibit B to Dkt. #2 at 1-2). Plaintiff does not describe the events that led to his claims that Defendants violated several California criminal statutes, but he does list out the crimes he believes were committed, including commission of a hate-crime, falsification of records and commission of an unlawful physical attack on Plaintiff. (*Id.*) The Court finds that Plaintiff has not sufficiently stated which rights were violated and failed to sufficiently state what events, actions or inactions by Defendants constituted criminal acts and violations of Plaintiff's civil rights. As a result, Plaintiff fails to state a claim upon which relief may be granted and Plaintiff's civil rights claims will be dismissed without prejudice.

**IT IS HEREBY ORDERED** that the Clerk of the Court shall file the Complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **dismissed** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have **thirty (30) days** from the date that this Order is entered to file an amended complaint, if he believes he can correct the noted deficiencies. Failure to comply with this Order will result in the recommendation that this action be dismissed with prejudice.

DATED this 3rd day of November, 2009.

_____
**GEORGE FOLEY, JR.**
**United States Magistrate Judge**