# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

GARY HALLFORD,

        Plaintiff,

vs.

MENDEZ, *et al.*,

        Defendants.

Case No.  2:07-cv-01068-PMP-GWF

**FINDINGS and RECOMMENDATIONS**

       This matter is before the Court on Plaintiff's Amended Complaint (Dkt. #25), filed November 12, 2009.

       On April 13, 2007, Plaintiff Gary Hallford filed a Complaint for civil damages in the Superior Court of California, County of Solano, entitled *Gary Hallford v. Correctional Officer Mendez*, FCM097236.  (*See* Exhibit B to Dkt. #2).  Defendants responded by filing a Notice of Removal of Action Under 28 U.S.C. § 1441(b), arguing that the matter should be removed to federal court because Plaintiff's Complaint alleges a 42 U.S.C. § 1983 civil rights claim and therefore raises a federal question under 28 U.S.C. § 1331.  (Dkt. #2).  On March 28, 2009, Plaintiff filed a motion to remand this action to state court, arguing that his complaint contained criminal charges under the California Penal Code that should be prosecuted in California state court.  (Dkt. #17).  The Court denied Plaintiff's motion to remand on September 9, 2009.  (Dkt. #18).  Plaintiff appealed the decision to the Ninth Circuit Court of Appeals.  (Dkt. # 20).  On October 22, 2009, the Ninth Circuit dismissed Plaintiff's interlocutory appeal due to lack of jurisdiction.  (*See* Dkt. #22).

. . .

. . .

On November 4, 2009, the Court screened Plaintiff's Complaint as required by 28 U.S.C. § 1915A(a). (Dkt #24).  Plaintiff's Complaint sought monetary damages and injunctive relief for Defendants' alleged violations of his civil rights and the California Penal Code. (*Id.*)  The Complaint alleged that Defendants committed a hate-crime in violation of California Penal Code § 422.55; falsified records in violation of California Penal Code § 141 in an attempt to have Plaintiff charged with a crime; and assaulted Plaintiff in violation of California Penal Codes § 240 and 242. (*Id.*)  However, Plaintiff's Complaint provided few factual details about the events that form the basis of his Complaint.  Instead, the Complaint listed legal allegations of civil rights violations or criminal conduct in a conclusory manner against each Defendant without providing a factual basis or describing the underlying events. (*Id.*)  As a result, the Court dismissed Plaintiff's Complaint with leave to amend if Plaintiff believed he could cure the noted deficiencies. (*Id.*)

In response, Plaintiff submitted the present pleading entitled "Amended Complaint" (Dkt. #25).  Plaintiff's Amended Complaint also fails to provide any facts to support his claim that his civil rights were violated.  *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 553-57 (2007) (stating that the standard to avoid dismissal under Rule 12(b)(6) does not require detailed factual allegations, but a plaintiff must provide more than mere labels and conclusions).  Where it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief, dismissal for failure to state a claim is proper.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  The Amended Complaint states that Plaintiff's civil rights were violated when his prison sentence was extended by eight months and because he has been denied access to religious services for his faith group. (*Id.* at 5).  In addition, Plaintiff states that unidentified "federal rights" have been violated by the unspecified acts of Defendants. (*Id.* at 4-5).  However, Plaintiff has not provided any factual details regarding these vague allegations and the Court is left with mere labels and conclusions.[1]

---

[1]The Amended Complaint does include new allegations that prison authorities have denied Plaintiff access to a videotape interview he gave and that prison officials have not answered numerous grievances filed by Plaintiff. (*Id.* at 3). However, Plaintiff does not provide details other than these bare allegations and states that these details are "meaningless" unless the Court

2

1       Instead of providing details related to the alleged violations of his civil rights, Plaintiff
2 argues that the defendants should be criminally prosecuted for their actions and that the matter
3 should be remanded to state court. (Dkt. #25). The District Judge has already considered and
4 denied Plaintiff's request to remand. (*See* Dkt. #18). Plaintiff appealed the District Judge's ruling
5 to the Ninth Circuit (Dkt. #19-20) and his appeal was dismissed due to lack of jurisdiction (Dkt.
6 #26). As a result, the Court will not revisit Plaintiff's request to remand.

7       In the alternative, Plaintiff requests that the Court grant him relief by dismissing this action
8 with or without prejudice or submitting a recommendation that the California Attorney General be
9 sanctioned for representing Defendants in this matter. (Dkt. #25 at 5). As the Court finds that
10 Plaintiff has failed to remedy the deficiencies of his initial complaint, failed to state a claim upon
11 which relief may be granted and has requested relief in the form of voluntary dismissal of this
12 action, the Court will recommend that this action be dismissed with prejudice. Accordingly,

13     **IT IS RECOMMENDED** that Plaintiff's Amended Complaint (Dkt. #25) be **dismissed**
14 **with prejudice** due to Plaintiff's failure to state a claim upon which relief may be granted and
15 Plaintiff's request that this action be dismissed.

16 . . .
17 . . .
18 . . .
19 . . .
20 . . .
21 . . .
22 . . .
23 . . .

---

remands this action to state court. (*Id.* at 1). As a result of the lack of information provided by Plaintiff regarding these new allegations and the Plaintiff's insistence that the Court remand this action to state court or dismiss his complaint, the Court finds these allegations constitute mere labels and conclusions and are insufficient to state a valid claim upon which relief may be granted. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 553-57 (2007).

**NOTICE**

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty (20) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 29th day of December, 2009.

*/s/ George Foley Jr.*
**GEORGE FOLEY, JR.**
**United States Magistrate Judge**